```
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION
```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| GAIL UHING and FRANCIS UHING, | * | CIV. 08-4200 |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| -vs- | * | |
| ROBERT A. CALLAHAN, M.D., | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is defendant's motion to strike plaintiffs' designation of Dr. Durward as an expert witness (Doc. 17). Also, on September 18, 2009, plaintiffs filed a notice to take Dr. Durward's video deposition (Doc. 34). The deposition is noticed to be taken on October 19, 2009.

On July 14, 2009, Plaintiffs filed the following designation after the Scheduling Order deadline:

> Quentin J. Durward, M.D.
> CNOS, PC
> 575 N. Sioux Point Rd
> Dakota Dunes, SD 57049-5312
>
> Dr. Durward will offer testimony as one of Gail Uhing's treating physicians. Please refer to his medical notes previously provided to defense counsel. In addition, for Dr. Durward's opinion regarding the standard of care in this matter, please see his deposition dated July 13, 2009 in the Haar v. Dr. Callahan case. Please also see Dr. Durward's deposition for his Curriculum Vitae, charges, and other relative information.

(Doc. 16).

The Scheduling Order (Doc. 11) provides that experts were to be designated and expert reports furnished by June 5, 2009. Discovery is to be completed by November 2, 2009. The pre-trial conference is February 22, 2010. The trial begins April 6, 2010.

The defense offers two reasons for striking the late expert designation: (1) the designation is late, and (2) the designation was not accompanied by a written expert report (Doc. 18, p. 2). Plaintiffs acknowledge the designation is late and that it was not accompanied by a written report (Doc. 27, p. 3).

Dr. Callahan performed surgery on Plaintiff Gail Uhing. Dr. Durward performed subsequent surgery on Gail Uhing for the same issue. Plaintiffs first considered, but declined, to use Dr. Durward as an expert to express opinions about Dr. Callahan's performance, i.e. whether he met the standard of care during his treatment of Gail Uhing.

Later, on July 13, 2009, in a different case (*Haar v. Callahan,* 08-4123) Dr. Durward's deposition was taken. Plaintiffs in both lawsuits are represented by the same law firm. Dr. Callahan is represented in both lawsuits by the same law firm.[1] Both surgeries involve the placement of pedicle screws. Dr. Durward performed subsequent surgeries for the same issue in both lawsuits.

During the July 13, 2009, deposition of Dr. Durward in the *Haar* case, Dr. Durward was asked questions about the standard of care. He expressed opinions that Dr. Callahan failed to satisfy the standard of care. On July 14, 2009, Plaintiffs filed the designation of Dr. Durward as an expert witness in the Uhing case. The written report required by Federal Rule of Civil Procedure 26(a)(2)(B) did not accompany the designation. Plaintiffs, however, already had in their possession a letter or a report from Dr. Durward that they had received earlier when they decided not to use Dr. Durward as an expert witness to express opinions about Dr. Callahan and the standard of care. Plaintiffs did not furnish this letter or report to the defense at that time, but now have provided the letter or report to the defense. Plaintiffs represent that they have requested an additional written

---

[1] There are five civil cases pending in this court in which Dr. Callahan is the defendant. The same law firms are involved in all five cases.

report from Dr. Durward and that they will furnish it to the defense upon receipt. After plaintiffs made this representation, however, Dr. Durward wrote a letter to plaintiffs advising of his willingness to express his opinions, but his unwillingness to be designated as an "expert witness."

Dr. Durward is one of Gail Uhing's treating physicians. He is not a specially retained expert regarding his opinions about Gail Uhing and does not need to file a written expert report expressing and explaining his opinions about her. On the other hand, when he expresses opinions about Dr. Callahan's treatment of Gail Uhing and the standard of care, Dr. Durward is a specially retained expert and must satisfy the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiffs recognize the distinction and their obligations under the Rule. They have expressed their intention to comply with the Rule. After plaintiffs expressed their intention, however, Dr. Durward wrote his August 14, 2009, letter expressing his unwillingness to be designated as an expert witness. This letter was not received by plaintiffs until September 1, 2009 (Doc. 35).

Plaintiffs were unaware[2] that Dr. Durward could or would express the opinions which he did until he expressed them in the *Haar* case on July 13, 2009. The next day, July 14, 2009, plaintiffs designated Dr. Durward as an expert witness in the Uhing case. Plaintiffs at that time did not have a written expert report from Dr. Durward to satisfy Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiffs first knew of the opinions because of the July 13, 2009, deposition. Plaintiffs promptly, if not timely, designated Dr. Durward as an expert witness. Before receiving Dr. Durward's August 14 letter, plaintiffs represented that they would satisfy the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). Counsel also represented that they would do so in order that defendant could take Dr. Durward's deposition in the Uhing case before the November 2, 2009, discovery deadline.

---

[2]Unless plaintiffs' lawyers were lying in wait— a conclusion unsupported in this record and a conclusion about conduct by South Dakota lawyers which would be astonishing.

3

Plaintiffs in their supplemental brief (Doc. 29) argue that Dr. Durward is a treating physician and does not need to supply a written expert report before testifying about Dr. Callahan's compliance with the standard of care. Dr. Durward did not treat Dr. Callahan. Plaintiffs did not designate Dr. Durward as an expert witness for the purpose of opining about Dr. Callahan's medical condition. Plaintiffs designated Dr. Durward to express his opinion that Dr. Callahan failed to comply with the standard of care when Dr. Callahan treated Gail Uhing. Plaintiffs must file a written expert report from Dr. Durward before he can testify as an expert (Fed. Rules of Evidence 702, 703, 705) about Dr. Callahan's failure to comply with the standard of care. (See Federal Rule of Civil Procedure 26(a)(2)(A)). The rule requires more than a bare opinion. In addition to a complete statement of all opinions, the rule also requires the written report to contain:

- the data or other information considered by the witness in forming his opinions - 26(2)(B)(ii);

- any exhibits that will be used to support the opinions - 26(a)(2)(B)(iii);

- the witness's qualifications, including a list of all publications authored in the previous 10 years - 26(a)(2)(B)(iv);

- a list of all other cases in which the witness has testified as an expert at trial or by deposition in the previous four years 26(a)(2)(B)(v); and

- a statement of the compensation to be paid for the study and testimony in the case - 26(a)(2)(B)(vi).

Plaintiffs also filed a supplemental affidavit (Doc. 30) to which is attached a letter from Dr. Durward dated August 14, 2009. Dr. Durward says in the letter that he is

> prepared to answer specific question regarding her care. I am, however, not prepared to be named as an expert witness in her case. If I were to be asked specific questions as to whether I thought certain aspects of her treatment to date fell inside or outside the standard of good medical care, I would be prepared, however, to give an anser to that. However, this would be done strictly as her treating physician only.

Dr. Durward's opinions about Dr. Callahan's treatment of Gail Uhing fall into the category of expert opinion testimony addressed by Federal Rule Civil Procedure 26(a)(2). This testimony is outside the scope of his testimony about the treatment of Gail Uhing and constitutes opinion testimony under Federal Rule of Evidence 702 which "ventures into more general expert opinion testimony." *Musser v. Gentiva Health Services,* 356 F.3d 751, 755-758, f.n. 3 (7th Cir. 2004).

There is disagreement among the cases about the need for a written report when the treating physician opines about causation, prognosis, and permanency regarding the patient's condition. See *Kirkham v. Societe Air France*, 236 F.R.D. 9 (D.D.C. 2006). The South Dakota custom is that treating physicians can express opinions about causation, prognosis, and permanency without a written report, so that issue is not even called into question here. The issue in this case is that a treating physician is being called upon to express an opinion about another treating physician's compliance with the standard of care. That is classic Rule 702 expert opinion evidence which requires a written report so the defense can fairly prepare for and respond to the evidence.

A continuance is not required to avoid prejudice to the defense. The defense, however, should be granted additional time under the Scheduling Order to consider whether to retain its own expert to rebut Dr. Durward's opinions.

It is ORDERED that defendant's motion to strike (Doc. 17) is DENIED.

It is FURTHER ORDERED that plaintiffs shall comply with Federal Rule of Civil Procedure 26(a)(2) not later than October 10, 2009, so that the defense may depose Dr. Durward before the discovery deadline of November 2, 2009. In the event Dr. Durward does not timely provide a written report, Dr. Durward may not testify as an expert regarding Dr. Callahan's compliance with

the standard of care in relation to Dr. Callahan's treatment of Gail Uhing.

It is FURTHER ORDERED that the defense shall be provided an opportunity to depose Dr. Durward for discovery before plaintiffs take his deposition for use at trial.

It is FURTHER ORDERED that the Scheduling Order (Doc. 11) is amended to allow defendant until January 4, 2010, to designate a supplemental expert witness to rebut the opinions expressed by Dr. Durward and to otherwise comply with Federal Rule of Civil Procedure 26(a)(2)(A) & (B).

Dated this 30th day of September, 2009.

BY THE COURT:

s/John E. Simko

———————————————
John E. Simko
United States Magistrate Judge