UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| GAIL UHING and FRANCIS UHING, | * | CIV. 08-4200 |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| -vs- | * | |
| ROBERT A. CALLAHAN, M.D., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending is defendant's motion to quash a subpoena duces tecum served by the plaintiffs on Yankton Medical Clinic, or alternatively for a protective order prohibiting the discovery and Charles Aman's deposition (Doc. 38). Yankton Medical Clinic objected to the subpoena duces tecum (Doc. 40). Defendant supported his motion with a brief (Doc. 39). Neither the Clinic nor the plaintiffs have filed briefs supporting their positions, although plaintiffs' counsel filed an affidavit. (Doc. 43).

Plaintiffs noticed the deposition of Charles Aman, Administrator of the Yankton Medical Clinic. They contemporaneously served a subpoena duces tecum on Charles Aman and the Yankton Medical Clinic directing the production of documents relating to (1) the hiring and termination of defendant; (2) the personnel file of defendant; (3) any complaints from anyone about defendant's care and treatment; and (4) any complaints by defendant about his surgical staff or Yankton Medical Clinic staff.

Defendant argues the plaintiffs (1) seek documents and information that are protected by the physician peer review privilege; (2) seek information that can be obtained through other discovery or that they already have this information in their possession; and (3) seek information which is not relevant.

Yankton Medical Clinic objected, without briefing, that the sought after discovery (1) is not discoverable because of SDCL 36-4-26.1; (2) is not discoverable because of the physician-patient privilege; and (3) is not discoverable because of HIPPA regulations.

Plaintiffs in their counsel's affidavit state that the lawyers cooperatively arranged for the deposition and selected a date and place to take the deposition, that neither the lawyers for defendant nor the clinic objected to scheduling the deposition, that plaintiff arranged a court reporter for the deposition, that an admission of service of the subpoena was provided to plaintiffs' counsel by counsel for the clinic, that the admission of service was filed with the court, and that the only indication there was an objection was when the motion and objections (Docs. 38 & 40) were filed.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). While the cited statutes and cases about peer review are clear, these statutes and cases address non-employer review about medical staff. No cases have been cited to the court which indicate that a personnel file maintained by an employer about an employee is a peer review within the meaning of the peer review privilege. Likewise, no case has been cited as precedent that a medical doctor's complaints about his surgical staff or clinic staff constitutes peer review within the meaning of the peer review privilege.

Parties can generally expect an unopposed motion to be granted. While the defendant's brief is unopposed, plaintiff's affidavit indicates something less than acquiescence that the motion should be granted. Because the defense has not provided sufficient legal precedent about the applicability of the peer review privilege to personnel files and sufficient information about the nature of the contents of the personnel file, and because plaintiff has not shown the relevance of the contents of the personnel file to any claim or defense, an informed decision cannot be made. The parties may

2

file simultaneous briefs not later than November 6, 2009. If the parties confer and resolve their discovery dispute, a status report should be filed before November 6, 2009.

Dated October 27, 2009.

BY THE COURT:

s/John E. Simko
_____
John E. Simko
United States Magistrate Judge